```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __03/05/26__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARDO NAVA MALDONADO,

        Plaintiff,

    -against-

1 COLUMBIA DELI INC., FATHI
ALQABILI, HERIBERTO RAMIREZ, and
NASR AL QABILI,

        Defendants.

24-CV-7333 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's February 11, 2026 letter-motion (Dkt. 63), which asks the Court to compel further amended interrogatory responses and to award discovery sanctions, will be denied. Plaintiff's March 4, 2026 letter-motion (Dkt. 65) will be denied to the extent it asks the Court to reopen discovery, but granted to the extent it asks for an extension of his time to file a pre-motion letter as to summary judgment.

**Background**

On September 27, 2024, plaintiff Bernardo Nava Maldonado filed his original Complaint, alleging wage and hour claims against his former employer 1 Columbia Deli, Inc. (the Corporate Defendant) and two individuals, Fathi Alqabili and Heriberto Ramirez. (Dkt. 1.) On October 23, 2024, all three defendants appeared and answered the Complaint. (Dkt. 9.) On April 17, 2025, I issued an Initial Case Management Order (Dkt. 32), and on June 20, 2025, at the parties' request, I modified that order to set, *inter alia*, a fact discovery deadline of November 15, 2025. (Dkt. 34.)[1] On November 5, 2025 (at which point neither side had taken any depositions), I extended the fact discovery deadline to December 5, 2025, "for the limited purpose of taking party depositions

---

[1] No party sought an expert discovery schedule.

(including, at plaintiff's option, the deposition of Nasser Hizam, the owner of defendant 1 Columbia Deli Inc.)." (Dkt. 41 ¶ 1.)[2] Additionally, I directed that summary judgment motions be filed within 30 days thereafter. (*Id*. ¶ 2.)

On November 11, 2025, plaintiff moved for leave to amend the Complaint to add Nasr Al Qabili as a third individual defendant. (Dkt. 44.) On December 22, 2025, after defendants' counsel confirmed during oral argument that the name of the owner of the Corporate Defendant was indeed Nasr Al Qabili, I granted the motion for leave to amend. (Dkt. 54.) Additionally, I directed the existing defendants to serve corrected interrogatory answers, accurately identifying the owner, by December 24, 2025. (*Id*.) "However, since neither party noticed or conducted any party depositions during the extended period granted by the Court for that purpose," I advised the parties that "discovery [was] otherwise closed." (*Id*.)

On December 22, 2025, plaintiff filed his First Amended Complaint, adding Nasr Al Qabili as the third individual defendant. (Dkt. 55.)

On February 3, 2026, plaintiff advised the Court that he "intends to file a motion for summary judgment." (Dkt. 61.) Additionally, plaintiff asserted that defendants' supposedly corrected interrogatory responses still used varying spellings to refer to the owner of the Corporate Defendant, and on that basis requested that defendants "be sanctioned" and "be compelled once more to provide proper responses." (*Id*.) That same day, I denied the discovery motion (because plaintiff's counsel failed to meet and confer with defendants' counsel before filing it, and failed to attach or quote verbatim the challenged interrogatory responses), and gave plaintiff a deadline of

---

[2] The November 5, 2025 order used the spelling provided by defendants' counsel (during a status conference earlier that day) for the name of the owner.

March 4, 2026, "to file his request for a pre-motion conference with the District Judge" as to summary judgment. (Dkt. 62.)

On February 11, 2026, plaintiff refiled his discovery letter-motion (Dkt. 63), this time seeking "proper responses" and unspecified sanctions from the Corporate Defendant, certifying that counsel met and conferred (but that no further amended responses were received), and attaching excerpts from the challenged interrogatory responses, which do indeed use varying spellings to refer to the owner of the Corporate Defendant, including "Nassar HIZAM AKA ALQUABILI," "NASER HIZEM," and NASSAR HIZEM." (Dkt. 63-1 at ECF pp. 2-4.) The Corporate Defendant did not respond to the motion.

On February 22, 2026, all four defendants, including Nasr Al Qabili, answered the Amended Complaint, admitting, among other things, "that Defendant 1 Columbia deli [sic] owns, operates or controls a deli located at 1290 Amsterdam Avenue New York under the name of 'One Columbia Deli & Grill' and that Defendant Nasr Al Qabili is the sole owner of this corporation and defendants Fathi Alqabili and Herberto Ramirez are employees of said corporation[.]" (Dkt. 64 ¶ 2.)

Most recently, on March 4, 2026, plaintiff filed a letter-motion requesting (i) "an extension of the deadline for plaintiff to file a premotion letter for summary judgment," and (ii) a 75-day extension of the discovery deadline, "so that we can serve paper discovery demands upon the new defendants, and depose them as necessary." (Dkt. 65.)

### Discussion

The motion to compel further amended interrogatory responses is DENIED AS MOOT, now that Nasr Al Qabili has answered the Amended Complaint and admitted that he is the sole owner of the Corporate Defendant. Likewise, plaintiff's request for discovery sanctions is

DENIED, except that, in order to prevent any unfairness, defendants are hereby PRECLUDED from asserting that "Nassar HIZAM AKA ALQUABILI," "NASER HIZEM," and/or NASSAR HIZEM" are different individuals from defendant Nasr Al Qabili. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).

The motion to reopen discovery for a period of 75 days is also DENIED. Requests to reopen discovery are governed by Fed. R. Civ. P. 16(b)(4), which requires a litigant to show "good cause" to modify a pretrial scheduling order. *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 514-15 (E.D.N.Y. 2018) (collecting cases); *accord Reed v. Logan*, 2025 WL 3241159, at *2 (S.D.N.Y. Nov. 20, 2025). The moving party "bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Leong v. 127 Glen Head Inc.*, 2016 WL 845325, at *3 (E.D.N.Y. Mar. 2, 2016) (quoting *Thieriot v. Jaspan Schlesinger Hoffman LLP*, 2010 WL 4038765, at *6 (E.D.N.Y. Sept. 30, 2010)); *see also, e.g., Carroll v. Trump*, 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023) (when the district court is faced with a motion to reopen discovery, it considers "whether there has already been adequate opportunity for discovery" and "place[s] importance on the moving party's diligence in obtaining the discovery within the deadlines set by the court's scheduling order") (citations omitted). The court also considers "the likelihood that the discovery will lead to relevant evidence." *Id.* (quoting *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)).

In this case, plaintiff had plenty of time to obtain discovery from the Corporate Defendant, Fathi Alqabili and Heriberto Ramirez – all three of whom appeared and answered on October 23, 2024.[3] Indeed, on November 5, 2025, I extended the discovery period until December 5, 2025, for

---

[3] Plaintiff's apparent belief that defendant Heriberto Ramirez did not appear until December 22, 2025 (*see* Dkt. 65), is mistaken.

the express purpose of taking party depositions, *including*, at plaintiff's option, the deposition of the owner of the Corporate Defendant. (Dkt. 41.) Thus, plaintiff had "ample opportunity" to pursue the discovery he now seeks. *Leong,* 2016 WL 845325, at \*3. Insofar as the record discloses, however, plaintiff made no effort, during either the original or the extended discovery period, to take *any* depositions. Plaintiff has thus failed to show that he exercised "diligence in obtaining the discovery within the deadlines set by the court's scheduling order." *Carroll*, 2023 WL 2006312, at \*7. Nor has plaintiff explained what if any paper discovery he now seeks to obtain from Nasr Al Qabili – who, according to defendants' counsel, is "in a hospital in Yemen" (Dkt. 57) – that he could not have obtained from the original three defendants before discovery closed on December 5, 2025. Plaintiff has thus failed to show a "likelihood that the discovery [now sought] will lead to relevant evidence." *Carroll*, 2023 WL 2006312, at \*7.

The motion to extend the deadline for a pre-motion letter as to summary judgment is GRANTED. Plaintiff may have until **April 4, 2026** to file such a letter, in accordance with the Individual Practices of the District Judge. In that letter, he must specify *which* defendant(s) he intends to seek summary judgment against and explain his basis for contending that "there is no genuine dispute as to any material fact" necessary to support such a judgment. Fed. R. Civ. P. 56(a).

The Clerk of Court is respectfully directed to close the motions at Dkts. 63 and 65.

Dated:  New York, New York
        March 5, 2026                              **SO ORDERED.**

                                                   _____
                                                   **BARBARA MOSES**
                                                   **United States Magistrate Judge**

5